**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARDENT LABS, INC., d/b/a COMULATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-00591 |
| | ) | |
| APPLIED SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF ARDENT LABS, INC. D/B/A COMULATE'S
MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

Plaintiff Ardent Labs, Inc., d/b/a Comulate ("Comulate"), by and through its undersigned counsel, hereby moves for an Order pursuant to Federal Rule of Civil Procedure 65 granting Comulate a temporary restraining order and preliminary injunction. Per the applicable Court Procedures, Counsel for Plaintiff Comulate contacted Counsel for Defendant Applied Systems, Inc. ("Applied"), asking whether they consented to the motion. Counsel for Defendants responded to the request, but did not state whether it intended to object or consent to the motion.

In support of this motion, and as set forth in the supporting Memorandum of Law in Support of Plaintiff Ardent Labs, Inc., d/b/a Comulate's Motion for a Temporary Restraining Order and Preliminary Injunction (the "Memorandum"), Comulate states as follows: Applied has waged an anticompetitive campaign against Comulate in an attempt to bulldoze it out of the market for enterprise-level automated insurance broker accounting software—a market that Comulate itself developed. This campaign has, inter alia, (1) tortiously interfered with Comulate's prospective economic advantage and contracts, (2) violated the spirit and letter of the antitrust laws, thus violating California's Unfair Competition Law, and (3) violated the unlawful competition provision of the UCL.

1

Absent injunctive relief, Comulate will suffer imminent, irreparable harm, including a considerable risk of going out of business before this litigation is resolved, the loss of access to fundamental technology necessary for its business, and an incalculable loss of customer relationships and goodwill in the marketplace.

WHEREFORE, Comulate requests that the Court enjoin Defendant, and its directors, managers, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, pending an evidentiary hearing and decision on Plaintiff Comulate's preliminary injunction request, from:

1. Interfering with existing joint customers' ongoing use of and access to Plaintiff's software in connection with the use of Defendant's Epic system; and

2. Interfering with the onboarding of existing joint customers for purposes of using and accessing Plaintiff's software in connection with the use of Defendant's Epic system.

WHEREFORE, following an evidentiary hearing, Comulate requests that the Court enjoin Defendant, and its directors, managers, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, until six months after final disposition of Plaintiff Comulate's claims, from:

1. Interfering with existing joint customers' ongoing use of and access to Plaintiff's software in connection with the use of Defendant's Epic system;

2. Interfering with the onboarding of existing joint customers for purposes of using and accessing Plaintiff's software in connection with the use of Defendant's Epic system; and

3. Interfering with the solicitation, uptake, or onboarding of prospective customers of Plaintiff for purposes of using Plaintiff's software in connection with the use of Defendant's Epic system. the solicitation, uptake, or onboarding of prospective customers of Plaintiff for

2

purposes of using Plaintiff's software in connection with the use of Defendant's Epic system.

WHEREFORE, Comulate respectfully requests that the Court grant this motion, enter the proposed order, and award Comulate any additional relief that the Court deems just and proper.

Respectfully submitted,

Ardent Labs, Inc., d/b/a Comulate

Date: January 20, 2026      By: /s/ *Zachary Freeman*
         Zachary Freeman

Zachary Freeman
Brian Kerwin
MILLER SHAKMAN LEVINE &
FELDMAN LLP
30 W. Monroe Street, Suite 1900
Chicago, IL 60603
(312) 236-3700
zfreeman@millershakman.com
bkerwin@millershakman.com

Rollo C. Baker (*pro hac vice* forthcoming)
Silpa Maruri (*pro hac vice* forthcoming)
Jared Ruocco (*pro hac vice* forthcoming)
Brian Campbell (*pro hac vice* forthcoming)
ELSBERG BAKER & MARURI PLLC
Empire State Building
35 Fifth Avenue, 38th Floor
New York, NY 10118
(212) 597-2600
rbaker@elsberglaw.com
smaruri@elsberglaw.com
jruocco@elsberglaw.com
bcampbell@elsberglaw.com

Michael B. Eisenkraft (*pro hac vice* forthcoming)

COHEN MILSTEIN SELLERS & TOLL
PLLC
88 Pine Street, 14th Floor
New York, New York 10005
(212) 838-7797
meisenkfraft@cohenmilstein.com

Nathaniel D. Regenold (*pro hac vice*
forthcoming)
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
(202) 408-4600
nregenold@cohenmilstein.com

4

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 20, 2026, he caused the foregoing **Motion for a Temporary Restraining Order and Preliminary Injunction** to be filed with the Clerk of the Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

By: /s/ *Zachary Freeman*
Zachary Freeman