**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARDENT LABS, INC., d/b/a COMULATE | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. 26-cv-00591 |
| | ) | |
| APPLIED SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) ) | Hon. Manish S. Shah |

**AGREED CONFIDENTIALITY AND RULE 502(D) ORDER**

The parties to this Stipulated Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information and Highly Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL," "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or any similar phrase by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms),

1

W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Highly Confidential Information.** As used in this Order, "Highly Confidential Information" is Confidential Information that the designating party reasonably and in good faith believes constitutes extremely sensitive confidential information, the disclosure of which to any person other than outside litigation counsel and their staff would create a substantial risk of serious competitive or business harm to the designating party.

4. Designation.

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL," or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or as Highly Confidential Information by placing or affixing the words "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY-SUBJECT TO PROTECTIVE ORDER," or any similar phrase on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information or Highly Confidential Information. The aforementioned markings shall be applied prior to or at the time of the documents are produced or disclosed. Applying the aforementioned markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents with the aforementioned markings shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial

2

portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.

**(b)** The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information or Highly Confidential Information, as applicable, as defined in this order.[1]

**5. Depositions.**[2]

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information or Highly Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Highly Confidential Information, unless otherwise ordered by the Court.

---

[1]  An attorney who reviews the documents and designates them as Confidential Information must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

[2]  The parties or movant seeking the order shall select one alternative for handling deposition testimony and delete by redlining the alternative provision that is not chosen.

6.   **Protection of Confidential Material.**

(a)   **General Protections.** Confidential Information and Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation and the accompanying litigation in the action captioned *Applied Systems Inc. v. PBC Consulting Inc. & Ardent Labs, Inc., d/b/a Comulate*, Case No. 25-cv-14251, including any appeal of either action.

(b)   **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information or Highly Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)   **Outside Counsel**. Outside counsel for the parties and employees of counsel who have responsibility for the action;

(2)   **Parties.** Individual parties and employees of a party, including in-house counsel, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)   **The Court and its personnel;**

(4)   **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5)   **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)   **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)   **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a

4

copy of documents containing Confidential Information or Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information or Highly Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8)** **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(9)** Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **Limitation on Disclosure of Highly Confidential Information.** Notwithstanding anything to the contrary herein, Highly Confidential Information may only be disclosed to the persons or entities enumerated in Section 5(b)(1) and 5(b)(3)-(9).

**(d)** **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Highly Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order

for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

8.　　**Filing of Confidential Information or Highly Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9.　　**No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, and except with respect to Source Code Material (defined *infra*), no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10.　　**No Impact on Merits Dispute**.　Notwithstanding any party's designation of Confidential Information or Highly Confidential Information, there is no presumption that any such material shall qualify as a trade secret or is otherwise confidential for purposes of the parties' merits dispute, nor shall any such designation affect any burden of proof.

11.　　**Challenges by a Party to Designation as Confidential Information or Highly Confidential Information.** The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)　　**Meet and Confer**. A party challenging the designation of Confidential Information or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging

party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b)** **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information under the terms of this Order.

12. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the

Confidential Information or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. **Confidential Information or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information and Highly Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information and Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or Highly Confidential Information by the other party to this case.

8

15. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Highly Confidential Information and documents marked "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,", "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY-SUBJECT TO PROTECTIVE ORDER," or any similar phrase under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[3] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential

---

[3] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

**(d)** **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

17. **Source Code Addendum**. If any Party seeks, produces, or makes available for inspection any source code, object code, or software in any form ("Source Code Material"), the Parties shall meet and confer in good faith to negotiate a Source Code Addendum governing the terms and conditions of such production or inspection. The Source Code Addendum shall be submitted to the Court for approval and, upon entry, shall be incorporated into this Agreed Confidentiality Order. Until such a protocol is agreed upon and entered by the Court, no Party shall be required to produce Source Code Material.

18. **502(d) Order.** Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to

conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(a) If a producing party inadvertently or mistakenly produces information, documents, or tangible items that should have been withheld subject to a claim of attorney-client privilege, work product immunity, or on any other grounds, such production shall not prejudice such claim or otherwise constitute a waiver of any claims of attorney-client privilege, work product immunity, or otherwise for such information, provided that the producing party makes a good-faith representation in writing within a reasonable period following discovery of the inadvertent disclosure that such protection was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Within seven (7) days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party or certify the destruction of any documents or tangible items that the producing party requests were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The producing party shall retain copies of all returned documents and tangible items for further disposition.

19. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

20. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material

designated Confidential Information or Highly Confidential Information by counsel or the parties

is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until

such time as the Court may rule on a specific document or issue.

**21.** **Persons Bound.** This Order shall take effect when entered and shall be binding

upon all counsel of record and their law firms, the parties, and persons made subject to this Order

by its terms.

*So Ordered.*

Dated: March 17, 2026

Honorable Manish S. Shah


**WE SO MOVE
and agree to abide by the
terms of this Order**

**WE SO MOVE
and agree to abide by the
terms of this Order**


By: /s/ *Rollo Baker*

By: /s/ *Sam S. Stake*


ELSBERG BAKER & MARURI PLLC
Rollo Baker (admitted *pro hac vice*)
Silpa Maruri (admitted *pro hac vice*)
Jared Ruocco (admitted *pro hac vice*)
Brian Campbell (admitted *pro hac vice*)
Chase Shelton (admitted pro hac vice)
350 Fifth Avenue, 38th Floor
New York, NY 10118
(212) 597-2600
rbaker@elsberglaw.com
smaruri@elsberglaw.com
jruocco@elsberglaw.com
bcampbell@elsberglaw.com

MILLER SHAKMAN LEVINE &
FELDMAN LLP
Zachary Freeman
Brian Kerwin
30 West Monroe Street, Suite 1900
Chicago, IL 60603
Telephone: 312-263-3700

QUINN EMANUAL URQUHART &
SULLIVAN, LLP
Jonathan C. Bunge
Nathan Hamstra
Sophia Martell
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400
jonathanbunge@quinnemanuel.com
nathanhamstra@quinnemanuel.com
sophiamartell@quinnemanuel.com

Sam S. Stake (admitted *pro hac vice*)
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600
samstake@quinnemanuel.com

Sami H. Rashid (admitted *pro hac vice*)
David LeRay (admitted *pro hac vice*)
Salvadore J. Diaz (admitted *pro hac vice*)

12

zfreeman@millershakman.com
bkerwin@millershakman.com

COHEN MILSTEIN & TOLL PLLC
Michael Eisenkraft (admitted *pro hac vice*)
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797
Meisenkraft@cohenmilstein.com
Nathaniel Regenold (admitted *pro hac vice*)
1100 New York Avenue NW #800
Washington, DC 20005
(202) 408-4600
nregenold@cohenmilstein.com

*Attorneys for Ardent Labs, Inc., d/b/a Comulate*

Dated: March 16, 2026

295 Fifth Avenue
New York, New York 10016
(212) 849-7000
samirashid@quinnemanuel.com
davidleray@quinnemanuel.com
salvadorediaz@quinnemanuel.com

Aaron H. Preahia (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
aaronperahia@quinnemanuel.com

*Attorneys for Applied Systems, Inc.*

Dated: March 16, 2026

13

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARDENT LABS, INC., d/b/a<br>COMULATE | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 26-cv-00591 |
| | ) | |
| APPLIED SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | Hon. Manish S. Shah |
| | ) | |
| _____ | ) | |

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto, understands the terms thereof,

and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United

States District Court for the Northern District of Illinois in matters relating to the Confidentiality

Order and understands that the terms of the Confidentiality Order obligate him/her to use materials

designated as Confidential Information and Highly Confidential Information in accordance with

the Order solely for the purposes of the above-captioned action, and not to disclose any such

Confidential Information or Highly Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

14

Business Address: _____

_____

Date:_____ _____
Signature